IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ERIC MONROE DAVIS

    Plaintiff,

v.

TRACY KESTER, ET AL.

    Defendants.

CIVIL ACTION
NO. 17-0021

## MEMORANDUM

SCHMEHL, J. /s/ JLS                                                      SEPTEMBER 26, 2018

*Pro se* plaintiff, a prisoner incarcerated at the Lehigh County Jail ("LCJ"), brought this 42 U.S.C. §1983 action against defendants Tracy Kester, a treatment counselor at LCJ and Janine Donate, the Warden at LCJ. Plaintiff claims the defendants deprived him of his right to vote in violation of the substantive due process clause and equal protection clause of the Fourteenth Amendment. Presently before the Court is the defendants' motion to dismiss the second amended complaint for failure to state a claim. For the reasons that follow, the motion is granted.

The allegations in a *pro se* plaintiff's complaint must be liberally construed, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) and the Court must "accept all factual allegations in the complaint as true, [and] construe the complaint in the light most favorable to the plaintiff," *see Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008). But, a *pro se* complaint must be dismissed if it does not allege "enough facts to state a claim for relief that is plausible on its face." *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007); *see also Capogrosso v. Rabner*,

588 F.3d 180, 184-85 (3d Cir. 2009) (applying *Twombly* and *Iqbal* standard to *pro se* complaints). Finally, "if a complaint is subject to a Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips*, 515 F.3d at 245.

In the second amended complaint, Plaintiff alleges that on November 1, 2016, Defendant Kester received from Plaintiff a request to vote by absentee ballot in the November 8, 2016 national election. On November 2, 2016, Plaintiff was summoned to Kester's office where Kester showed him two posters and an email from Warden Donate which revealed that the last day for Kester to have requested absentee ballots was November 1, 2016. Plaintiff alleges that Kester did not electronically request an absentee ballot from the appropriate Berks County office. Plaintiff alleges he wrote to Warden Donate on November 2, 2016. On November 3, 2016, Warden Donate responded that "[w]e will assist anyone who is qualified to vote, unfortunately there is a deadline in which this can occur." Plaintiff claims that Warden Donate failed to train to insure that Kester was properly trained regarding voting procedures at LCJ Plaintiff further claims that Warden Donate failed to insure that notices regarding the time frame and requests for absentee ballots as required by Pennsylvania Department of Corrections policy.

The Equal Protection Clause directs "that all persons similarly situated should be treated alike." *City of Cleburne Texas v. Cleburne Living Center*, 473 U.S. 432, 439 (1985). To state a valid equal protection claim, the plaintiff must allege intentional or purposeful disparate treatment from that received by other

individuals similarly situated. *Personnel Administrator of Mass. v. Feeney*, 442 U.S. 256, 272 (1979). Within the context of voting, the Equal Protection Clause is implicated when a state classifies voters in disparate ways. See *Bush v. Gore*, 531 U.S. 98, 104-05 (2000) (arbitrary and disparate treatment of votes violates equal protection).

Plaintiff does not allege or imply that either Warden Donate or Kester intentionally treated him differently from other persons similarly situated (i.e., inmates), and therefore, does not state a cognizable Section 1983 for deprivation of equal protection. *See Hill v. Borough of Kutztown*, 455 F.3d 225, 239 (3rd Cir. 2006) (plaintiff must show that he was "intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment").

There is no Supreme Court or Third Circuit precedent which accords substantive due process protection to an alleged deprivation of the right to vote. Even if there is, Plaintiff has not alleged facts which, if true, would establish that either Kester or Warden Donate deprived him of the right to vote.

Plaintiff alleges that Kester met with him on November 2, 2016, and explained to him that the deadline for submitting a request for an absentee ballot was November 1, 2016. Plaintiff further alleges that Kester deprived him of his right to vote because she received his request for an absentee ballot on November 1, 2016, but did not submit an electronic request for an absentee ballot to the appropriate Berks County office on November 1, 2016. Based on Plaintiff's allegations, it is assumed for the sake of argument that Plaintiff was a

3

registered voter as of November 8, 2016, and that he was registered to vote in Berks County. The "Qualifications for Absentee Voters" link on the Berks County Election Services website provides the qualifications for absentee voters, instructions for applying for an absentee ballot, and the deadline for applying for an absentee ballot. The "Qualifications for Absentee Voters" link provides in pertinent part: "Completed Absentee Ballot applications must be received in the Election Services Office no later than 5:00 p.m. on the Tuesday prior to the Primary or Election. It is strongly suggested that you secure, complete and return your Absentee Ballot application as soon as possible. This will provide sufficient mailing time for us to receive and process your application, mail your ballot, and allow you to vote and return your ballot by the deadline."
http://www.co.berks.pa.us/Dept/Elections/Pages/QualificationsforAbsentee Voters.aspx.

Because the election occurred on Tuesday, November 8, 2016, "the Tuesday prior to the Primary or Election" was November 1, 2016. Therefore, Plaintiff's absentee ballot application had to be received in the Election Services Office by no later than 5:00 p.m. on November 1, 2016.

Therefore, accepting Plaintiff's allegation that Kester receive his request for an absentee ballot on November 1, 2016 as true, Kester could not have mailed Plaintiff's application in time for it to have been received by the Berks County Election Services Office before 5:00 p.m. on November 1, 2016. Therefore, defendant Kester did not deprive Plaintiff of the right to vote. Rather,

Plaintiff deprived himself of the right to vote by failing to ask Kester in a timely manner to obtain an absentee ballot application.

Plaintiff blames Warden Donate for his failure to make a timely request for an absentee ballot application. Plaintiff claims that Warden Donate, in violation of Pennsylvania Department of Corrections policy, failed to post notices advising inmates of the voting deadlines related to the 2016 election. However, Plaintiff fails to point to any Pennsylvania Department of Corrections policy which requires the posting of this type of notice in a county prison, and there is no Supreme Court or Third Circuit precedent for the proposition that a prison official deprives an inmate of the right to vote by failing to advise the inmate of deadlines related to a local, state or federal election.

The Court also finds that permitting Plaintiff to file a curative amendment would be futile.